# EXHIBIT A

# EXHIBIT A

SUMM

# District Court

## CLARK COUNTY, NEVADA

TIARE RAMIREZ, an individual;

        Plaintiff,

vs.

WYNN LAS VEGAS, LLC; DOES I through X; and
ROE Corporations XI through XX, inclusive;

        Defendant.

Case No.: A-19-796471-C
Dept.: X

**SUMMONS**

**NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A Civil Petition for Judicial Review has been filed by the plaintiff against you for the relief set forth in the Complaint.

### WYNN LAS VEGAS, LLC c/o Roxane Peper

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

        b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the request of:

STEVEN D. GRIERSON, CLERK OF COURT

By      Josefina San Juan    6/13/2019

_____
Christian Gabroy
Nevada Bar No. 8805
Gabroy Law Offices
170 S. Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Attorney for Plaintiff

Deputy Clerk               Date
County Courthouse
200 South Third Street
Las Vegas, Nevada 89101

*NOTE:    When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure, Rule 4(b).



STATE OF _____ )
                                   ) ss:       AFFIDAVIT OF SERVICE
COUNTY OF_____ )

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made.    That    affiant    received    _____    copy(ies)    of    the    Summons    and    Complaint, _____ on the _ day of _____, 2019 and served the same on the _____ day of _____, 2019 by:

**(affiant must complete the appropriate paragraph)**

1.     delivering    and    leaving    a    copy    with    the    defendant at (state address)_____.

2.     serving the defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's usual    place    of    abode    located    at    (state    address) _____ .

                 (Use paragraph 3 for service upon agent, completing A or B)

3.     serving the defendant _____ by personally delivering and leaving a copy at (state address) _____
      a.     with _____ as _____, an agent lawfully designated by statute to accept service of process;

      b.     with _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.     personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

                _____ Ordinary mail
                _____ Certified mail, return receipt requested
                _____ Registered mail, return receipt requested

                addressed to the defendant _____ at the defendant's last known address which is (state address) _____.

               Executed this _____ day of _____, 20_____.

                                      _____
                                      Signature of person making service

SUBSCRIBED AND SWORN to before me this

_____ day of _____, 2019.

NOTARY PUBLIC in and for said County
and State

My commission expires:

Electronically Filed
6/11/2019 11:33 AM
Steven D. Grierson
CLERK OF THE COURT

1  COMJD
   GABROY LAW OFFICES
2  Christian Gabroy (#8805)
   The District at Green Valley Ranch
3  170 South Green Valley Parkway, Suite 280
   Henderson, Nevada 89012
4  Tel    (702) 259-7777
   Fax    (702) 259-7704
5  christian@gabroy.com
   *Attorney for Plaintiff*
6

CASE NO: A-19-796471-C
Department 10

7                    **DISTRICT COURT**

8                **CLARK COUNTY, NEVADA**

9  TIARE RAMIREZ, an individual;              Case No.
                                              Dept.:
10              Plaintiff,
   vs.
11
   WYNN LAS VEGAS, LLC; DOES I through        **COMPLAINT WITH JURY DEMAND**
12 X; and ROE Corporations XI through XX,
   inclusive;
13
                Defendant.
14

15                    **COMPLAINT**

16     COMES NOW Tiare Ramirez ("Ramirez" or "Plaintiff"), by and through her attorney,

17 Christian Gabroy, Esq. of Gabroy Law Offices, and hereby alleges and complains of

18 Defendant Wynn Las Vegas, LLC ("Defendant") as follows:

19               **VENUE AND JURISDICTION**

20     1.    This is a civil action for damages under state and federal laws prohibiting

21 unlawful employment actions and to secure the protection of and to redress deprivation of

22 rights under these laws.

23     2.    Jurisdiction and venue are based on 29 U.S.C. § 2617(a)(2) and 42 U.S.C.

24 § 12117(a).

25     3.    All alleged unlawful employment actions occurred in this judicial district.

26     4.    Plaintiff hereby demands a jury trial on all issues triable by jury herein.

27                      **PARTIES**

28     5.    At all times relevant, Plaintiff was a resident of this Judicial District of Clark

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1    County, Nevada.

2        6.      At all times relevant, Plaintiff was an "eligible employee "of Defendant as that

3    term is defined in the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2611.

4        7.      At all times relevant, Defendant was Plaintiff's "employer" as that term is

5    defined in 29 U.S.C. §2611.

6        8.      Plaintiff is informed, believes, and thereon alleges that at all times relevant,

7    Defendant was a Domestic Limited-Liability Company listed with the Nevada Secretary of

8    State.

9        9.      Plaintiff is informed, believes, and thereupon alleges that at all times

10   relevant, Defendant was doing business in this Judicial District in Clark County, Nevada

11   where the unlawful employment practices and wrongful actions complained herein

12   occurred.

13       10.     The true names and capacities, whether individual, corporate, associate or

14   otherwise of other Defendant hereinafter designated as Does I-X and Roe Corporations

15   XI-XX, inclusive, who are in some manner responsible for the injuries described herein,

16   and who were, upon information and belief, Plaintiff's "employer" is unknown to Plaintiff

17   at this time who therefore sues said Defendant by such fictitious names and will seek

18   leave of the Court to amend this Complaint to show their true names and capacities

19   when ascertained.

20                          **PROCEDURAL REQUIREMENTS**

21       11.     Plaintiff has satisfied all administrative and jurisdictional requirements

22   necessary to maintain this lawsuit.

23       12.     Plaintiff timely completed and filed her Charge of Discrimination with the

24   Equal Employment Opportunity Commission ("EEOC") on March 5, 2018. *See* a true

25   and correct copy of Plaintiff's Charge of Discrimination attached hereto as Exhibit I.

26   Such allegations of Exhibit I are hereby incorporated herein this Complaint.

27       13.     On March 28, 2019, the EEOC issued Plaintiff a Notice of Right to Sue.

28   *See* a true and correct copy of Plaintiff's Right to Sue attached hereto as Exhibit II.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

**FACTUAL ALLEGATIONS**

14.     On or around November 20, 2008, Plaintiff was hired by Defendant as a Cocktail Server.

15.     Plaintiff suffers from a serious health condition, namely, severe inflammatory disease which limits her ambulation.

16.     Plaintiff has suffered from said serious health condition for over ten (10) years.

17.     Plaintiff is under medical care for her serious health condition.

18.     Plaintiff's serious health condition has been certified for purposes of FMLA leave since 2012.

19.     On or around June 20, 2016, Plaintiff's doctor provided the most recent certification of Plaintiff's serious health condition.

20.     On July 5, 2016, Defendant approved Plaintiff's intermittent FMLA leave from June 3, 2016, through June 2, 2017.

21.     On March 21, 2017, Plaintiff attended a friend's gender reveal event / baby shower ("the event").

22.     The event was held at an establishment located in Town Square Las Vegas.

23.     The event ended at 4:00 p.m.

24.     Plaintiff left the event at or around 4:00 p.m. due to the venue opening to the public.

25.     Plaintiff's condition began to flare-up toward the end of the event.

26.     A picture of Plaintiff at the event was taken at 4:06 p.m.

27.     The above-mentioned picture is timestamped as being taken at 4:06 p.m.

28.     Plaintiff, after the picture was taken, went to her vehicle to put flat shoes on to alleviate the pain of her flare-up.

29.     While in the vehicle, Plaintiff appropriately followed Defendant's call-out policy by informing Defendant of her intent to take FMLA leave.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

30. Plaintiff took FMLA leave due to a flare-up related to her disability.

31. Plaintiff notified Defendant at 4:19 p.m.

32. Plaintiff was prescribed medication for her condition.

33. Plaintiff's doctor prescribed medication upsets Plaintiff's stomach, requiring her to eat before ingestion.

34. Plaintiff went to a different establishment located in Town Square Las Vegas to eat, as required by her doctor prescribed medication.

35. Plaintiff paid for her meal at 4:58 p.m.

36. Plaintiff left Town Square Las Vegas after paying for her meal.

37. Plaintiff was scheduled to work at 5:30 p.m.

38. At 6:42 p.m., the picture mentioned in Paragraphs 26 and 27, *supra*, was posted to the social media website Facebook.

39. Upon information and belief, the social media website Facebook allows for pictures to be uploaded non-contemporaneously to when the picture was taken.

40. Plaintiff took a photo of her swollen feet, a symptom of her serious medical condition, at 8:33 p.m.

41. Plaintiff was temporarily unable to perform one or more of the essential duties of her job as a result of the swelling from the flare-up.

42. On March 22, 2017, Plaintiff received injections in attempt to alleviate the inflammation.

43. Plaintiff was on approved FMLA leave from March 22, 2017, until October 13, 2017.

44. Plaintiff's extended leave of absence was primarily due to orthopedic knee surgery.

45. On October 14, 2017, upon Plaintiff's return from her federally protected FMLA leave, Defendant placed Plaintiff on suspension.

46. Defendant allegedly engaged in an investigation of the event.

47. Defendant incorrectly believed that Plaintiff was at the event during her

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1 | scheduled work shift.

2 | 48.   Plaintiff offered to provide Defendant evidence to facilitate the
3 | investigation, namely, a credit card statement that showed she wasn't at the event as
4 | late as 4:58 p.m.

5 | 49.   Defendant would not accept the evidence in their investigation.

6 | 50.   On or around October 16, 2017, the host of the event notified Defendant
7 | that Plaintiff left the event at or around 4:00 p.m.

8 | 51.   On October 19, 2017, Plaintiff's doctor sent an email to Defendant
9 | explaining that Plaintiff is restricted from "strenuous activities i.e. Dancing, running, or
10 | extended standing."

11 | 52.   Plaintiff did not engage in any strenuous activity at the event.

12 | 53.   Plaintiff did not engage in any strenuous activity while she got food to
13 | prevent her stomach from being upset from her prescribed medication.

14 | 54.   Plaintiff did not engage in any strenuous activity when she returned home
15 | after eating.

16 | 55.   On November 2, 2017, Defendant held a "resolution meeting".

17 | 56.   On November 11, 2017, Defendant terminated Plaintiff.

18 | 57.   Defendant did not consider any of the evidence provided by Plaintiff.

19 | 58.   Defendant did not participate in the investigation in good faith.

20 | 59.   Defendant stated "Willful Misconduct", "Dishonesty", and "Misuse
21 | FMLA/ADA" as the reasons for termination.

22 | 60.   Plaintiff did not engage in any willful misconduct as alleged by Defendant.

23 | 61.   Plaintiff did not engage in any dishonesty as alleged by Defendant.

24 | 62.   Plaintiff did not misuse her FMLA leave as alleged by Defendant.

25 | 63.   Plaintiff did not misuse any ADA leave as alleged by Defendant.

26 | 64.   Any proffered reason for termination was pretextual.

27 | 65.   Defendant improperly denied Plaintiff her federally protected right to
28 | exercise FMLA leave.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
### 29 U.S.C. §2601 *et seq.*

2

3       66.     Plaintiff repeats and reasserts the allegations contained in the preceding

4   paragraphs as if fully incorporated herein.

5       67.     Plaintiff was entitled to leave as defined by the FMLA.

6       68.     Plaintiff gave Defendant notice of her need to take FMLA leave.

7       69.     Plaintiff, by taking medical leave because of her serious medical condition,

8   exercised her rights under the FMLA.

9       70.     Defendant's aforementioned conduct, including such termination of

10  Plaintiff, resulted in Defendant engaging in activity that chilled the exercise of Plaintiff's

11  rights, caused interference, caused harassment, retaliated against Plaintiff for

12  exercising her rights under the FMLA, and/or discriminated against Plaintiff in violation

13  of the FMLA, 29 U.S.C. § 2615 *et. seq.*

14      71.     Defendant's aforementioned conduct and resulting termination of Plaintiff

15  was motivated by the exercise of Plaintiff's rights under the FMLA and was in violation

16  of the FMLA.

17      72.     Defendant discriminated against and discharged Plaintiff for taking FMLA

18  leave and exercising her federally protected FMLA rights.

19      73.     Defendant discouraged Plaintiff from utilizing her federally protected FMLA

20  leave and terminated her as a result of Plaintiff's use of FMLA leave.

21      74.     Defendant interfered with, restrained, and/or denied the exercise of and/or

22  the attempt to exercise Plaintiff's rights under the FMLA.

23      75.     By taking these adverse actions due to Plaintiff's FMLA leave, Defendant

24  has engaged in a discriminatory practice with malice and/or with reckless disregard to

25  Plaintiff's protected rights. As a result, Plaintiff has been damaged.

26      76.     As a direct and proximate result of the conduct of the Defendant described

27  hereinabove, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars

28  ($15,000.00).

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

77.     As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

78.     Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

79.     Defendant did not act in good faith as it had no reasonable grounds for believing that the termination of Plaintiff was not in violation of the FMLA, therefore, Plaintiff is entitled to an award of liquidated damages.

### SECOND CAUSE OF ACTION
### VIOLATION OF AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. 126 § 12101 *et seq.* / NRS 613.330

80.     Plaintiff repeats and reasserts the allegations contained in the preceding paragraphs as if fully incorporated herein.

81.     At all times relevant, Plaintiff was a qualified individual under the ADA in that Plaintiff was an individual with a disability who has a physical impairment that substantially limits one or more major life activities, has a record of such impairment, and/or was a person who was regarded and/or perceived as having an impairment or disability.

82.     Plaintiff suffered from a medical condition.

83.     Plaintiff's medical condition was a chronic inflammatory ankle condition.

84.     Plaintiff's medical condition was real and/or perceived by the Defendant.

85.     Plaintiff sought medical treatment and continued to receive medical treatment.

86.     At all times relevant, Plaintiff informed Defendant of her medical conditions and/or Plaintiff's medical status.

87.     Defendant was aware of Plaintiff's medical condition.

88.     Plaintiff requested accommodations to take time off for her disability

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1 through FMLA leave.

2     89.    Defendant would not allow Plaintiff to wear flat shoes while working.

3     90.    Defendant did not provide cushioned floor mats for Plaintiff to stand on

4 while working.

5     91.    Plaintiff, with or without reasonable accommodation, could perform the

6 essential functions of her job.

7     92.    Plaintiff was discriminated against and ultimately terminated based upon

8 her actual disability and/or her perceived disability by Defendant in violation of the ADA.

9 Further, Defendant discriminated against Plaintiff on the basis of her disability by failing

10 to provide Plaintiff a reasonable accommodation, by removing and/or restricting from

11 Plaintiff the tools for Plaintiff to do her job, by failing to engage in the interactive process

12 in good faith, and by ultimately terminating Plaintiff. Although Defendant could have

13 reasonably accommodated Plaintiff's disability, Plaintiff was terminated in violation of

14 the ADA.

15     93.    The acts and/or omissions of Defendant and its agents complained of

16 herein are in violation of the Americans with Disabilities Act in that Defendant

17 discriminated and harassed Plaintiff on the basis of her impairment, failed to offer

18 Plaintiff a reasonable accommodation, failed to engage in the interactive process with

19 Plaintiff, and/or discriminated against Plaintiff. Thus, and at all times relevant, Plaintiff

20 was discriminated against in violation of the Americans with the Disabilities Act.

21     94.    The acts and/or omissions of the Defendant and its agents complained of

22 herein are in violation of the Americans with Disabilities Act in that Defendant harassed

23 and discriminated against Plaintiff on the basis of having an actual and/or perceived

24 disability.

25     95.    The acts and/or omissions of the Defendant and its agents complained of

26 herein are also in violation of NRS 613.330 *et seq.*

27     96.    As a direct and proximate result of Defendant's unlawful activity, Plaintiff

28 has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

97.    As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

98.    Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

### THIRD CAUSE OF ACTION
### RETALIATION
### 42 U.S.C. §2000e et seq. / NRS 613.340

99.    Plaintiff repeats and reasserts the allegations contained in the preceding paragraphs as if fully incorporated herein.

100.   As set forth more fully above, Defendant retaliated against Plaintiff after she requested an accommodation, in good faith, as detailed in her Charge of Discrimination and discussions with agents of Defendant.

101.   There exists a temporal proximity in relation to Plaintiff's request for an accommodation and Plaintiff's resulting termination.

102.   Defendant subjected Plaintiff to undeserved disciplinary conduct and eventual termination in close temporal proximity after Plaintiff complained to Defendant of discriminatory, harassing behavior, and requests for reasonable accommodation.

103.   Defendant retaliated against Plaintiff when she opposed discrimination and unlawful conduct by terminating Plaintiff and subjecting her to harassing behavior.

104.   Further, Defendant retaliated against Plaintiff for her disability.

105.   Plaintiff requested accommodations for her disability which Defendant ignored.

106.   Rather than granting Plaintiff with reasonable accommodations for her disability, Defendant retaliated against Plaintiff by, but not limited to, terminating her.

107.   This retaliatory action was in response to Plaintiff's request for reasonable accommodation.

108.   Plaintiff's termination constituted a retaliatory discharge in violation of 42 U.S.C. §2000e *et seq.* and NRS 613.340.

109.   By taking these adverse actions because Plaintiff complained of her disparate treatment, Defendant has engaged in a discriminatory practice with malice and/or with reckless disregard to Plaintiff's protected rights. As a result, Plaintiff has been damaged.

110.   As a direct and proximate result of the conduct of the Defendant described hereinabove, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

111.   As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

112.   Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, & SUPERVISION

113.   Plaintiff repeats and reasserts the allegations contained in the preceding paragraphs as if fully incorporated herein.

114.   Defendant had a duty of reasonable care to protect the Plaintiff from the negligent and/or careless actions of their own agents, officers, employees and others. In addition, Defendant had a duty not to hire individuals with a propensity towards committing unlawful acts against Plaintiff, and to adequately train and supervise their employees in regard to all correct policies and procedures relating to harassment, medical leave, absence, and/or termination.

115.   In violation of that duty, Defendant damaged Plaintiff by failing to supervise, train, and hire appropriate personnel which resulted in damages including

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1  severe emotional distress including, but not limited to, great mental and emotional harm,

2  anguish, insecurity, damage to self-esteem and self-worth, shame and humiliation, lack

3  of appetite, loss of sleep, depression, and/or anxiety.

4       116.  As a direct and proximate result of Defendant's conduct described

5  hereinabove, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars

6  ($15,000).

7       117.  As a result of Defendant's conduct, as set forth herein, Plaintiff has been

8  required to retain the services of an attorney, and, as a direct, natural, and foreseeable

9  consequence thereof, has been damaged thereby, and is entitled to reasonable

10  attorneys' fees and costs.

11       118.  Defendant has acted willfully and maliciously, and with oppression, fraud,

12  or malice, and a result of Defendant's wrongful conduct, Plaintiff is entitled to an award

13  of exemplary or punitive damages.

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1.    For general damages in excess of $15,000.00;

2.    For special damages in excess of $15,000.00;

3.    For consequential damages in excess of $15,000.00;

4.    For punitive damages in excess of $15,000.00;

5.    For liquidated damages in excess of $15,000.00;

6.    For reasonable attorneys' fees and costs incurred in filing this action;

7.    Such other and further relief as the Court may deem just and proper.

DATED this 11ᵗʰ day of June, 2019.

GABROY LAW OFFICES

By _____

Christian Gabroy, Esq.
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson Nevada 89012
Tel:   (702) 259-7777
Fax:   (702) 259-77042834
christian@gabroy.com
*Attorney for Plaintiff*

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

EXHIBIT I

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | AMENDED<br>487-2018-00530 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Tiare P. Ramirez | (702) 885-2080 | 1981 |

| Street Address | City, State and ZIP Code |
|---|---|
| 8048 Palace Monaco Ave, Las, NV 89117 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| WYNN LAS VEGAS | 500 or More | (702) 770-7000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3131 Las Vegas Blvd S, Las Vegas, NV 89109 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-21-2017  Latest: 11-02-2017

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed by Wynn Las Vegas ("the Company") from on or about November 20, 2008 to on or about November 2, 2017, most recently in the position Cocktail Server. From on or about November 12, 2012, I have informed the Company of my disability and need for an accommodation. On or about March 20, 2017, I informed the Company of a flare-up of my conditions and my need for a reasonable accommodation on or about March 21, 2017. Resulting from a separate medical condition, I required an extended leave of absence from on or about March 22, 2017 to on or about October 13, 2017. Upon my return to work, from my medical leave of absence on or about October 14, 2017, I was suspended due to the use of a reasonable accommodation request on or about March 21, 2017. Despite, my doctor providing documentation to the Company, explaining the need for the medical leave of absence as a direct result of my disability, I was discharged on or about November 2, 2017.

I believe I have been discriminated against based on my disability and retaliated against for engaging in a protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 03-02-2018<br>Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>RECEIVED MAR -5 2018<br>EEOC/LVLO |

# EXHIBIT II

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Tiare P. Ramirez
c/o GABROY LAW OFFICES
Attn: Mr. Christian Gabroy, Esq.
170 S. Green Valley Pkwy. Ste. 280
Henderson, NV 89012

From:  Las Vegas Local Office
333 Las Vegas Blvd South
Suite 5560
Las Vegas, NV 89101

[ ]  *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2018-00530 | Jonathan Munoz, Investigator | (702) 388-5058 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Wendy K. Martin,
Local Office Director

MAR 2 8 2019

*(Date Mailed)*

Enclosures(s)

cc:  WYNN LAS VEGAS, LLC
Attn: Mr. Bryan J. Cohen
3131 Las Vegas Blvd. South
Las Vegas, NV 89109

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"** now include the operation of **major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one major life activity** need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

➢ An impairment **may be substantially limiting even though it lasts or is expected to last fewer than six months.**

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.