GABROY LAW OFFICES
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel    (702) 259-7777
Fax   (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorney for Plaintiff Tiare Ramirez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIARE RAMIREZ, an individual;<br><br>Plaintiff,<br>vs.<br><br>WYNN LAS VEGAS, LLC; DOES I through X; and ROE Corporations XI through XX, inclusive;<br><br>Defendant. | Case No: 2:19-cv-01174-APG-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(Ninth Request)** |

**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**

Pursuant to LR IA 6-1, 6-2, and LR 26-4, Plaintiff Tiare Ramirez ("Plaintiff") and Defendant Wynn Las Vegas, LLC. ("Defendant"), by and through their undersigned counsel, hereby stipulate to amend the Discovery Plan and Scheduling Order, (ECF No. 50), by extending the outstanding discovery deadlines for a period of thirty-seven (37) days.

This is the ninth request for an extension to the Discovery Plan and Scheduling Order in this matter. The requested extension is sought in good faith and not for purposes of undue delay. This request is not submitted at least twenty-one (21) days before the discovery deadline, however, good cause readily exists for the granting of this SAO.  The parties were unable to reach settlement and have been engaging in extensive depositions to complete discovery herein.  Specifically, at least six depositions have been taken by both parties in the last two weeks, and the parties have been actively engaging in oral discovery in an effort to complete discovery by the

current deadline of September 22, 2021.

While the parties anticipated completing discovery by the currently set deadline, one deposition was unable to conclude on the day it was set due to scheduling conflicts that arose in the afternoon. Specifically, Plaintiff's counsel took the deposition of a former Wynn employee, Jeralynn Makaiwi, on September 16, 2021. However, Plaintiff's counsel was unable to conclude the deposition of Ms. Makaiwi on that date because Ms. Makaiwi had to leave in the afternoon to pick up her children, and Ms. Makaiwi is not available to conclude her deposition until October 15, 2021.

Ms. Makaiwi is a former Wynn employee and has to work with her current non-party employer and her childcare in order to accommodate the scheduling of her continued deposition. Currently, the parties have her deposition scheduled on October 15, 2021. Further, based upon deposition testimony, Plaintiff's has requested supplementation of documents. Also, Plaintiff and Defendant have met and conferred regarding a potential 30b6 witness deposition and related topics thereto depending on the continued deposition of Ms. Makaiwi. Accordingly, the parties request this extension so that any evidence can be readily considered for potential dispositive motions. Accordingly, good cause exists to extend this deadline.

## DISCOVERY COMPLETED TO DATE

Both parties have exchanged their initial disclosures required under Fed. R. Civ. P. 26(a)(1)(A). Plaintiff served her initial disclosures on September 9, 2019 and her first supplemental disclosures on November 1, 2019. Defendant served its initial disclosures on September 10, 2019 and its first supplemental disclosures on November 1, 2019. Defendant responded to Plaintiff's first sets of interrogatories and requests for production of documents on November 1, 2019. Plaintiff responded to Defendant's first sets of interrogatories and requests for production of documents on November 1, 2019.

On December 6, 2019, Defendant issued third-party subpoenas for Plaintiff's employment, education and medical records. Plaintiff objected to and moved to quash the subpoenas for Plaintiff's employment and education records (ECF No. 23).

Defendant withdrew the subpoenas for Plaintiff's education records but maintained its request for Plaintiff's employment records from Caesars Palace and Able Baker Brewing. The parties fully briefed the issue regarding the discoverability of Plaintiff's employment records and on January 31, 2020, Magistrate Judge Albregts granted in part and denied in part Plaintiff's Motion to Quash Third-Party Subpoenas (ECF No. 26). Plaintiff subsequently filed Objections to Magistrate Judge Albregts' Order, which District Judge Gordon affirmed by Order dated March 3, 2020 (ECF No. 32). Thereafter, Defendant issued amended subpoenas to Caesars Palace and Able Baker Brewing for Plaintiff's employment records in accordance with United States District Judge Gordon's Order. Defendant received a response to its subpoena from Caesars Palace timely but Able Baker Brewing and treating healthcare provider, D. Ted Cohen responded to the respective subpoenas late.

Following the last granted discovery extension, Plaintiff has taken the depositions of Karen Sanchez, Melissa Espino-Cascos, Ian Lacuesta, the first deposition of Ms. Makaiwi, and Tia Gibson. Similarly, Defendant has taken the deposition of Plaintiff and the deposition of her ex-husband, Chrystian Ramirez.

## DISCOVERY THAT REMAINS TO BE COMPLETED

As indicated, the deposition of former Wynn employee Jeralynn Makaiwi commenced on September 16, 2021 but had to be continued due to a sudden scheduling conflict regarding Ms. Makaiwi's childcare. Ms. Makaiwi does not have availability for her continued deposition until later in October 2021.  Further, Plaintiff has requested supplementation of documents and possible 30b6 deposition.

## REASONS FOR EXTENSION TO COMPLETE DISCOVERY

This extension is necessary and good cause exists. "The "good cause" standard in Local Rule 26-3 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b)." *Tanya Victor v. Walmart, Inc.,* No. 220CV01591JCMNJK, 2021 WL 3745190, at *2 (D. Nev. Apr. 8, 2021). Good cause to extend the discovery deadline is found where "it cannot reasonably be met despite the

1  diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)

Here, the parties have diligently pursued discovery, with both parties engaging in at least six depositions over the last few weeks. More importantly, as discussed *supra*, this extension is needed despite the parties' diligence in order to continue Ms. Makaiwi's deposition. Ms. Makaiwi's deposition commenced on September 16, 2021 but had to be continued due to a sudden scheduling conflict regarding Ms. Makaiwi's childcare. Ms. Makaiwi is a former Wynn employee, and because of this, she has to work with her current, non-party employer and her childcare in order to accommodate her continued deposition, and she therefore does not have availability for her continued deposition until later in October 2021.

Accordingly, all parties have been diligently pursuing timely discovery. Under *Johnson*, such deadline could not reasonable be met (nor could the parties have anticipated having to request this SAO prior to the 21-day deadline under LR 26-3) as the witness's availability concern only arose during the deposition on September 16, 2021, within the 21-day discovery deadline of September 22, 2021.

Therefore, good cause can readily be found to warrant this extension.

## **PROPOSED REVISED DISCOVERY PLAN**

1. <u>Discovery Cut-Off Deadline</u>

The discovery cut-off deadline shall be extended for thirty-seven (37) days from September 22, 2021 to **Friday, October 29, 2021**.

2. <u>Dispositive Motions Deadline</u>

The parties shall file dispositive motions thirty (30) days after the extended discovery cut-off date, and therefore, not later than **Monday, November 29, 2021** (November 28, 2021 falls on a Sunday).

3. <u>Joint Pretrial Order Deadline</u>

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed thirty (30) days after the date set for filing

dispositive motions, and therefore, not later than **December 29, 2021**. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the Court enters a ruling on the dispositive motions or otherwise by further order of the Court.

4. Fed. R. Civ. P. 26(a)(3) Disclosures

The pretrial disclosures shall be included within the pretrial order as per LR 26-1(b)(6).

5. Extensions or Modification of the Discovery Plan and Scheduling Order

In accordance with Local Rule 26-4, any motion for modification or extension of this discovery plan and scheduling order must be made at least twenty-one (21) days prior to the expiration of the subject deadline unless good cause is shown.

5. Trial and Calendar Call

No trial has been set in this matter.

| | |
|---|---|
| Dated this 21st day of September 2021. | Dated this 21st day of September 2021. |
| GABROY LAW OFFICES | LITTLER MENDELSON, P.C. |
| By: __/s/ Christian Gabroy__<br>Christian Gabroy, Esq.<br>The District at Green Valley Ranch<br>170 South Green Valley Parkway<br>Suite 280<br>Henderson, NV 89012<br>Telephone: (702) 259-7777<br>christian@gabroy.com<br>*Attorney for Plaintiff* | By: __/s/ Kelsey Stegall__<br>Wendy Krincek, Esq.<br>Kelsey Stegall, Esq.<br>3960 Howard Hughes Parkway<br>Suite 300<br>Las Vegas, NV 89169<br>wkrincek@litler.com<br>*Attorneys for Defendant* |

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated: ___September 22, 2021___