GABROY LAW OFFICES
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson, Nevada 89012
Tel   (702) 259-7777
Fax   (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorney for Plaintiff Tiare Ramirez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIARE RAMIREZ, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>WYNN LAS VEGAS, LLC; DOES I through X; and ROE Corporations XI through XX, inclusive;<br><br>Defendant. | Case No: 2:19-cv-01174-APG-DJA<br><br>**PLAINTIFF'S MOTION TO COMPEL** |

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff Tiare Ramirez ("Plaintiff" of "Ramirez"), by and through her counsel of record, hereby moves this Court for an order compelling full, unredacted production of documents bates labeled Wynn 1384 and 1385.

This Motion is made and based upon the Memorandum of Points and Authorities below, the exhibits attached hereto, any oral argument this Honorable Court may entertain, and the other papers and pleadings in this action.

DATED this 29th day of October 2021.

GABROY LAW OFFICES

By: */s/ Christian Gabroy*
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite  280
Henderson, Nevada 89012
*Attorneys for Plaintiff Tiare Ramirez*

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Per FRCP 1, Plaintiff brings this Motion seeking the just, speedy, and inexpensive determination of this eleventh-hour issue. Counsel for both parties are highly experienced attorneys well-versed in the area of employment law, and have worked together in good faith to resolve this and other issues in this matter. However, the parties have been unable to resolve the present issue which concerns two pages of documents (requested over two years ago) produced 14 calendar days before the close of discovery with a corresponding privilege log produced 7 calendar days before the close of discovery.

As articulated herein, not only is the privilege log flawed under our established law, testimony, and evidence in this case, no reasonable justification for this document to be withheld exists. Simply stated, the attorney-client privilege must be employed so as to not obfuscate the truth. *See, e.g., Whitehead v. Nevada Comm'n on Jud. Discipline*, 110 Nev. 380 (1994). All Plaintiff seeks is that production of the documents at issue be compelled, and in the event that this Court does not compel production on the face of the deficient privilege log, Plaintiff respectfully requests an *in camera* inspection as per *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615 (D. Nev. 2013).

Also, in this tragic wrongful termination case, Plaintiff has brought a previous discovery motion granted in part and denied in part, and later upheld by Judge Gordon. *See* ECF Nos. 26 and 32, respectively.

**II.   BACKGROUND FACTS**

This matter arises from Wynn Las Vegas, LLC's ("Wynn" or "Defendant") errant suspension of Ramirez and its doubling-down, resulting in wrongful termination, despite readily available exculpatory evidence revealing Ramirez properly utilized protected FMLA leave. ECF No. 1-3. Instead of admitting its mistake, Wynn terminated the 10-year employee and has propelled the parties to be forced to utilize this taxpayer-funded forum. *Id*.

Wynn hired Ramirez on or about November 20, 2008 as a cocktail server. *Id.* at p. 6. Ramirez suffers from a painful, serious health condition. *Id.* Due to such condition, Ramirez was approved for intermittent FMLA. *Id.*

On or about March 21, 2017, while attending a gender reveal party, Ramirez experienced a flare-up in her condition prior to her shift and notified Wynn accordingly. *Id.* at p. 7. Ramirez sought medical care for the flare-up was eventually placed on approved FLMA block leave from March 22, 2017 through October 13, 2017. *Id.*

Following her return to work, Ramirez was suspended. *Id.* Wynn claimed such suspension was due to potential misuse of FMLA leave on March 21, 2017. *Id.* Despite her attempts to present exculpatory evidence, Wynn terminated her employment. *Id.* at p. 8.

Following the commencement of litigation, on July 11, 2019 Plaintiff propounded her first set of requests to produce to Defendant. *See* Exhibit II. Request number 1 asked Defendant to

> Produce and identify a privilege log if you are claiming a privilege for any document in your possession and/or control.

*Id.* Further, Request number 5 sought

> any and all documents relating to the termination of Plaintiff's employment with Defendant.

*Id.*

Over two years later, and with 14 days remaining before the close of discovery, Wynn produced, *inter alia*, documents bates labeled Wynn 1384 and 1385 which had apparently been redacted with words placed over the documents declaring "Redacted – Privileged." *See* Exhibit III.

Seven days later, Wynn produced for the first time a privilege log. An amended version of such privilege log was then produced three days ago on October 26, 2017. *See* Exhibit IV. Such amended privilege log declares the subject matter of the documents bates labeled Wynn 1384 and 1385 to be "Email to counsel and including

counsel relating to the termination of plaintiff." *Id.*

As discussed above, counsel for both parties are very experienced in employment law matters and have worked together in good faith throughout this litigation to avoid incurring unnecessary costs and potentially avoidable motion practice. The parties have met-and-conferred and discussed these issues at great length, but no resolution was achieved on these two documents.

Accordingly, Plaintiff was left with no choice but to seek this judicial intervention. As such withholding remains contrary to our law, Plaintiff respectfully requests production of the unredacted versions of Wynn 1384 and 1385. Should this Court not compel production of the documents based on the face of the deficient privilege log, Plaintiff respectfully requests an *in camera* inspection for this Court to determine whether such documents may indeed be withheld or instead must be immediately produced.

**III.   ARGUMENT**

    **A.   Legal Standard**

        **1.   Motion to Compel Standard**

"Rule 37 of the Federal Rules of Civil Procedure permits a discovering party to move for an order to compel a complete response to properly submitted interrogatories or requests for production." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D.Nev. 1996). Where a party refuses to permit inspection or produce the materials sought in the requests, the "party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B)(iv); *Kiser v. Pride Communications, Inc.*, 2011 WL 5080162 at *2 (D. Nev. 2011).

        **2.   Attorney-Client Privilege**

The application of the attorney-client privilege in the adjudication of federal claims is governed by federal common law. *See United States v. Hodge and Zweig*, 548

F.2d 1347, 1353 (9th Cir. 1977). "The attorney client privilege applies to communications between lawyers and their clients when the lawyers act in a counseling and planning role…" *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996). "That a person is a lawyer does not, *ipso facto,* make all communications with that person privileged." *Id.* "The privilege applies only when legal advice is sought from a professional legal *advisor in his capacity as such."* Id. (Internal quotations omitted). "[T]he party asserting the privilege has the burden of showing that it applies." *Dole v. Milonas*, 889 F.2d 885, 888–89 (9th Cir. 1989).

### B.    Wynn's Privilege Log Remains Deficient Under Our Law

When non-voluminous documents are withheld via privilege, a privilege log must be produced and identify (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated. *Dole*, 889 F.2d at 888, fn. 3; *In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992).*

Here, despite extensive delay and multiple versions, Wynn's most-recent amended privilege log (Exhibit IV) remains wholly deficient. In addition to no client being identified, no less than six individuals are listed as the author. Further, although it is the undersigned's belief that two of the six individuals are members of our Bar, it is entirely unknown whether any person or entity was seeking or proscribing legal advice. Additionally, despite six alleged authors being listed, no persons are identified as having received the documents nor of being informed of its substance. Notably, one of the documents' purported authors (Wynn's in-house counsel) drafted and signed Wynn's Position Statement that was sent to the EEOC during the administrative portion of this matter, and Plaintiff maintains such Position Statement remains admissible in the impending trial. *See Donley v. Stryker Sales Corp.*, 906 F.3d 635, 638 (7th Cir. 2018). Alarmingly, the purported "subject matter" of the documents "relat[e] to the termination

1  of plaintiff," which is nearly verbatim to the production request Plaintiff propounded over two years ago in Request for Production number 5. *See supra*. Accordingly, Wynn's withholding of documents bates labeled Wynn 1384 and 1385 falls well short of our law and full production should be compelled based upon such faulty privilege log alone.

### C. This Court Should Conduct an *In Camera* Inspection to Determine Whether Any Privilege Applies.

Should this Court not be inclined to order production based on the defective privilege log and undue delay, Plaintiff respectfully requests an *in camera* inspection to determine whether such documents may be withheld based on the invoked privilege. In our District, *in camera* inspection remains an efficient method for resolution of such disputes where privilege is asserted over various documents. *See, e.g., Dole*, 889 F.2d at 890; *Phillips*, 290 F.R.D. at 666-67. If necessary, Plaintiff proposes such mechanism be similarly employed here.

### IV. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that this Honorable Court order full, unredacted production of documents bates labeled Wynn 1384 and 1385, or, at a minimum, *in camera* inspection of such documents so this Court may properly determine whether Wynn's claimed privilege applies to these long-sought but recently-disclosed documents.

DATED THIS 29th day of October 2021.

GABROY LAW OFFICES

By: */s/ Christian Gabroy*
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel:   (702) 259-7777
Fax:   (702) 259-7704
*Attorneys for Plaintiff Tiare Ramirez*

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777   FAX: (702) 259-7704

# **CERTIFICATE OF SERVICE**

Pursuant to FRCP, I hereby certify that the following parties by electronic means on this 29th day of October 2021 have been served with this **PLAINTIFF'S MOTION TO COMPEL**:

Wendy Medura Krincek, Esq.
Kelsey E. Stegall, Esq.
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Fax: (702) 862.8811
wkrincek@littler.com
kstegall@littler.com
*Attorneys for Defendant*

                                                    GABROY LAW OFFICES

By:    */s/ Christian Gabroy*
Christian Gabroy (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel: (702) 259-7777
Fax: (702) 259-7704
*Attorneys for Plaintiff Tiare Ramirez*

**GABROY LAW OFFICES**
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704