UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TIARE RAMIREZ, | Case No. 2:19-cv-1174-APG-EJY |
|---|---|
| Plaintiff | **ORDER GRANTING IN PART PLAINTIFF'S MOTION IN LIMINE REGARDING HER UNION GRIEVANCE** |
| v. | |
| WYNN LAS VEGAS, LLC, | (ECF No. 111) |
| Defendant | |

Tiare Ramirez moves to preclude references during trial to the union grievance she submitted. ECF No. 111 at 6. During the October 1, 2024 hearing on Ramirez's omnibus motion *in limine*, I ruled that statements Ramirez made in connection with that grievance may be admissible under Federal Rule of Evidence 801(d)(2)(A). But I grant Ramirez's request to preclude evidence and testimony about the union dropping the grievance shortly before the arbitration hearing.

Wynn argues that the union likely dropped Ramirez's grievance because of her "misconduct, dishonesty, and misuse." ECF No. 117 at 10. Wynn's counsel admitted at the October 1 hearing that this speculation is based solely on Ramirez's deposition testimony that the union did not give her a reason why it dropped the grievance. Wynn offers no statement or evidence from the union to support Wynn's proffered reason, and Ramirez's testimony is insufficient to establish it. The jury would be left to speculate as to the union's reason. Without any evidentiary basis to explain the union's reason, this evidence has no probative value.

Wynn relies on *Beauvais v. City of Inkster*, No. 16-CV-12814, 2018 WL 774149 (E.D. Mich. Feb. 8, 2018), in which the court allowed evidence about a union dropping a grievance before arbitration. But in that case, the union concluded that plaintiff Beauvais had deliberately

falsified records, that her falsification was material, and that the defendant City had acted promptly and in good faith when it discovered the falsification. 2018 WL 774149, at *2.  Here, there is no evidence indicating why the union dropped Ramirez's grievance before the arbitration, and there could be many reasons.  It would be improper for the jury to speculate as to the union's reasons.  And delving deeply into this issue could result in a mini-trial as to the union's reasons, resulting in confusion and a waste of time.  Thus, what little, if any, probative value such evidence has is substantially outweighed by its prejudicial effects and the resulting confusion, time waste, and jury speculation.  Therefore, such evidence and testimony is excluded by FRE 403.

  I THEREFORE ORDER that Ramirez's motion in limine regarding her union grievance **(ECF No. 111) is granted in part.**

  DATED this 3rd day of October, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE