1  PATRICK H. HICKS, ESQ.
   Bar No. 4632
2  WENDY MEDURA KRINCEK, ESQ.
   Bar No. 6417
3  KELSEY E. STEGALL, ESQ.
   Bar No. 14279
4  LITTLER MENDELSON, P.C.
   3960 Howard Hughes Parkway
5  Suite 300
   Las Vegas, NV  89169-5937
6  Telephone:    702.862.8800
   Fax No.:      702.862.8811
7  Email: phicks@littler.com
   Email: wkrincek@littler.com
8  Email: kstegall@littler.com

9  Attorneys for Defendant
   WYNN LAS VEGAS, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| TIARE RAMIREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WYNN LAS VEGAS, LLC; DOES I through X; and ROE Corporations XI through XX, inclusive,<br><br>Defendant. | Case No. 2:19-cv-01174-APG-EJY<br><br>**DEFENDANT'S STATEMENT REGARDING OBJECTIONS AT CALENDAR CALL** |

Pursuant to the Court's instructions at the Calendar Call on October 15, 2024, Defendant Wynn Las Vegas, LLC ("Defendant"), by and through its counsel of record, Littler Mendelson, P.C. hereby submits the following statement regarding objections at Calendar Call.

**I.    INTRODUCTION**

At Calendar Call, the undersigned raised three concerns: (1) Plaintiff's counsel intends to introduce Plaintiff's unemployment hearing file as evidence, which is inadmissible under NRS 612.533 and federal case law; (2) Plaintiff's counsel intends to introduce unsigned EEOC interview statements as evidence, which are inadmissible hearsay within hearsay; and (3) Plaintiff intends to call

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

an irrelevant witness to testify to information that is already stipulated to.[1] At Calendar Call, the Court instructed the parties to meet and confer on these issues, and if the meet and confer was unsuccessful, to then file the instant statement.

The parties' counsel exchanged several emails on the topic and engaged in an unsuccessful meet-and-confer phone call, causing the meet and confer efforts to fail. **Exhibit 1, Decl. of Kelsey Stegall**. As such, Defendant is submitting the instant statement.

**II.   ARGUMENT**

    **a.   <u>Plaintiff's Unemployment Hearing File is Inadmissible under NRS 612.533 and Federal Law.</u>**

The first objection Defendant raised is that Plaintiff's Exhibit 14 at WYNN1398, (attached hereto as **Exhibit 2**) and Exhibit 18 (attached hereto as **Exhibit 3**) relate solely to Plaintiff's unemployment hearing, and under NRS 612.533, this information is inadmissible. Specifically, NRS 612.533, which is titled, "Introduction of certain evidence concerning claims for benefits prohibited in separate or subsequent proceeding," provides:

> Any finding of fact or law, judgment, determination, conclusion or final order made by the Administrator or an Appeal Tribunal, examiner, Board of Review, district court or any other person with the authority to make findings of fact or law pursuant to NRS 612.450 to 612.530, inclusive, is not admissible or binding in any separate or subsequent action or proceeding, between a person and that person's present or previous employer brought before an arbitrator, court or judge of this State or the United States, regardless of whether the prior action was between the same or related parties or involved the same facts.

NRS 612.533.  The statute explicitly prohibits the use of finding of facts or law, determinations, conclusions, and final order in any action or proceeding between Plaintiff and Defendant brought before a court or judge of the United Stated.  Likewise, NRS 612.265 prohibits the disclosure and use of any information obtained from an employment unit or person, as well as any determination as to the benefit rights of any person, subject to limited exceptions not applicable here.  It provides:

---

[1] Prior to Defendant filing the instant Statement, Plaintiff and her counsel filed their brief where they brought up the admissibility of the position statement. This was not brought up at Calendar Call and was not one of the three issues the parties were directed to brief. If Plaintiff would like to meet and confer on the admissibility of this exhibit or the Court would like us to provide briefing on the issue, Defendant is happy to do so.

2.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

> Except as otherwise provided in this section and NRS 239.0115, 607.217 and 612.642, information obtained from any employing unit or person pursuant to the administration of this chapter, any determination as to the benefit rights of any person and any information relating to the contributions paid by an employing unit under this chapter is confidential and may not be disclosed or be open to public inspection in any manner.

NRS 612.265(1). Notably, the Nevada Department of Employment, Training and Rehabilitation routinely marks its documentation as: "Restricted: NRS 612.265 limits the use of this material to unemployment compensation litigation except for specified reasons". See **Exhibit 3 at Ramirez034-057**.

In *Bradshaw v. Golden Rd. Motor Inn*, referring to NRS 612.533, the court held, "[the statute] certainly merits consideration as an expression of the state's policy concerns," and therefore holds weight. 885 F. Supp. 1370, 1375 (D. Nev. 1995). Additionally, *Baldwin v. Rice* provides that the determination of a state legislature that certain agency proceedings are not to be utilized in court proceedings should "not be dismissed lightly" because: (1) the state legislature knows the process in which unemployment insurance disputes are resolved; (2) the state legislature "is in a good position to evaluate the weight to give to such a process;" and (3) "decisions of fact or law should not differ simply because the court in which one happens to litigate is federal as opposed to state." 144 F.R.D. 102, 106 (E.D. Cal. 1992). As a result, "other federal courts have determined that the state legislature's determination of admissibility of unemployment reports is an important consideration in finding such reports inadmissible." *Wiley v. Pless Sec., Inc.*, No. 1:05-CV-0332-TWT, 2006 WL 8431781, at *13 (N.D. Ga. June 16, 2006), *report and recommendation adopted in part, rejected in part*, No. 1:05-CV-332-TWT, 2006 WL 1982886 (N.D. Ga. July 12, 2006) (citing *Wittenberg v. Wheels, Inc.*, 963 F. Supp. 654, 660-61 (N.D. Ill. 1997); *Bradshaw*, 885 F. Supp. at 1373–75 (D. Nev. 1995)).

Moreover, courts applying *Bradshaw* consistently find that unemployment hearing and determination records are inadmissible. See *Walker v. Charter Commc'ns LLC*, No. 3:15-CV-00556-RCJ-CBC, 2019 WL 4601833, at *2 (D. Nev. Sept. 23, 2019), *aff'd*, No. 20-16339, 2022 WL 1439125 (9th Cir. May 6, 2022) ("[T]he proffered evidence [of the unemployment records] is *irrelevant* as well as potentially *prejudicial* and is deemed *inadmissible* pursuant to Federal Rules of Evidence 401 and

3.

403.") (emphasis added); *Collins v. Omega Flex, Inc.*, No. CV 08-1422, 2009 WL 10681438, at *1–2 (E.D. Pa. July 30, 2009) ("Both the inquiry and the standard of proof are different in an unemployment compensation decision than in a federal anti-discrimination case. *Flick*, 2004 U.S. Dist. LEXIS 4304, at *12; *Baur*, 2001 U.S. Dist. LEXIS 24162, at *21. '[A] hearing examiner making an unemployment compensation decision ***determines whether an employee is entitled to benefits, not whether the employer discharged the employee in violation of anti-discrimination statutes***.' *Baur*, 2001 U.S. Dist. LEXIS 24162, at *21 (citing *Kelley v. TYK Refractories Co.*, 860 F.2d 1188, 1196 (3d Cir. 1998)). 'Unemployment benefits hearings are designed to be quick and inexpensive.' *Bradshaw v. Golden Road Motor Inn*, 885 F. Supp. 1370, 1375 (D. Nev. 1995). Moreover, if the parties realized that the unemployment decision could be received in evidence in the federal lawsuit, they 'would have every incentive to turn the hearing itself into a full-blown lawsuit.' *Id.* (noting that this incentive would be strongest if the administrative decision would be given preclusive effect in the federal suit but that the 'same incentives would be present, though in weaker form' if the decision could be admitted but was not given preclusive effect). *2 6. For all of the aforementioned reasons***, the Court, pursuant to Federal Rule of Evidence 403, finds that the danger of unfair prejudice or confusion of the issues substantially outweighs any probative value of the proffered evidence***.") (emphasis added); *Pascual v. Anchor Advances Prod., Inc.*, 117 F.3d 1421 (6th Cir. 1997) ("[B]ecause the unemployment office is determining the employee's conduct, and not the employer's, in order to determine eligibility for unemployment benefits, the manner and standard of proof are different than in a discrimination case. *See McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 798 (7th Cir.1997). The hearings are designed to be quick and inexpensive. *See Delgado v. Lockheed-Georgia Co.*, 815 F.2d 641, 647 (11th Cir.1987). . . . Therefore, ***it was not an abuse of discretion to have excluded the [unemployment agency's] decision from evidence at the trial***. *See Galbraith v. Northern Telecom, Inc.*, 944 F.2d 275, 283 (6th Cir.1991) ('We also agree that the report of the [unemployment] Board is entitled to little weight in a Title VII case because it is addressed to an issue not relevant to Title VII concerns.') *cert. denied*, 503 U.S. 945 (1992)." (emphasis added)).

Defendant's counsel provided the exact case law cited to Plaintiff's counsel to support the position that Plaintiff's Exhibit 14 at WYNN1398 and Exhibit 18 are inadmissible. Plaintiff has yet to

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

provide a substantive response to overcome this authority.[2] In addition to the case law provided, Defendant's objection is premised on the fact that admitting the unemployment hearing documents would inevitably lead to the Court's same concern with the union arbitration information—a trial within a trial, (*see* ECF No. 122). The standards of evidence, burdens of proof, and procedure of the proceeding differ vastly in an unemployment proceeding compared to this trial, and admission of these records would only confuse the jury. Moreover, testimony would be needed as to the scope of the unemployment proceeding, what evidence and testimony was presented or not and the fact there is no opportunity for discovery through that process. Accordingly, Plaintiff has failed to overcome the inadmissibility of Plaintiff's unemployment hearing records, and the case law supports their exclusion. As such, those records should be excluded from trial.

### b. **Plaintiff Is Unable to Overcome The Hearsay Within Hearsay Inherent in the EEOC Statements, Causing Them to Be Inadmissible.**

The second objection Defendant raised is that Plaintiff's Exhibit 16,[3] (attached hereto as **Exhibit 4**), contains EEOC-drafted statements drafted by an unidentified person summarizing interviews with Defendant's employees during the charge of discrimination investigation. At Calendar Call, Defendant's counsel argued that these statements are hearsay within hearsay—the first level of hearsay being the investigator documenting their interpretation of these alleged statements into an EEOC document, and the second level of hearsay being the statements allegedly from the witness. *See* **Ex. 4.** There is no evidence that any of the witnesses interviewed even knew the statements existed, let alone saw them. To wit, none of the statements are signed. Moreover, two out of four of the witnesses interviewed are not even witnesses at trial. Notably, despite Plaintiff being asked several times to identify the exception to the hearsay rule that is believed to be applicable, none has been identified by Plaintiff.

---

[2] While Plaintiff relies on *Dannenbring v. Wynn Las Vegas, LLC*, 907 F. Supp. 2d 1214, 1220 (D. Nev. 2013), that case is inapplicable. There, the Court held that it was premature to apply the NRS statute to unemployment records because that case was at the motion-to-dismiss stage, and that such records were not necessarily admissible.

[3] Defendant additionally requested that the entire EEOC file be excluded, but Plaintiff did not designate the remaining EEOC file as an exhibit—only the inadmissible statements. As such, Defendant focuses this argument on the EEOC statements.

5.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Instead, Plaintiff's counsel stated at Calendar Call that he believes he overcomes the two levels of hearsay because he asked witnesses about them during deposition. Ms. Jeralynn Toney (formerly, "Jeralynn Makaiwi") was the only person who was questioned about any of these statements at her deposition.[4] Nowhere in the record does she acknowledge ever seeing it before being questioned about it at her deposition. More importantly, Ms. Toney expressly objects to the accuracy in the statements, as there are representations typed into them that Ms. Toney stated under oath are not true. ***See* Exhibit 7, Depo. Tr. of Ms. Toney Vol. I; Exhibit 8, Depo. Tr. of Ms. Toney Vol. II.** Moreover, her statement—like the rest of the statements—is unsigned. And, importantly, at her deposition, Ms. Toney disputed the accuracy of the statement reflecting her interview. Either way, this argument fails to overcome either level of hearsay.

Specifically, "statements recited within the EEOC records constitute hearsay within hearsay because one form of hearsay (the EEOC's NOTES TO FILE and Onsite Interview notes) reports a second form of hearsay (the oral statements attributed to the [defendant] Employees)." *Lincoln v. BNSF Ry. Co.*, No. 15-4936-DDC-ADM, 2020 WL 4000912, at *14 (D. Kan. July 15, 2020). As this Court also echoed, "Rule 805 permits plaintiffs to surmount these hearsay problems, but only 'if each part of the combined statements conforms with an exception to the [hearsay] rule.'" *Id.* at *16 (citing Fed. R. Evid. 805; *see also McWilliams v. Ruskin Co.*, No. 04-1018-WEB, 2006 WL 2795619, at *9 (D. Kan. Sept. 27, 2006*)* ("Rule 805 mandates that each layer of hearsay be cured before admission as evidence[.]"); *Stolarczyk ex rel. Estate of Stolarczyk v. Senator Int'l Freight Forwarding, LLC*, 376 F. Supp. 2d 834, 839 (N.D. Ill. 2005) (concluding witness statements memorialized in EEOC investigator's notes were "hearsay within hearsay" and only "may be admitted . . . if there is an exception for each 'layer' of hearsay").

Plaintiff has failed to provide any argument or substantive points under the Federal Rules of Evidence to overcome the two levels of hearsay. Rather, the only response Plaintiff provided is, "These are accurate statements made under authority to a federal investigator, under 42 USC 2000e9, 29 usc 201, 29 usc 621 and 42 usc 12117, that were sent and received by Wynn with no in regards to

---

[4] Mr. LaCuesta was never questioned about his statement at his deposition.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

Plaintiff's proposed exhibit containing accurate interview statements that were sent in the course of eeoc investigation by a federal investigator in a public record to be utilized as such per all rules under the FRE." *See* **Ex. 1; Exhibit 5, Corr. Exchanged Regarding EEOC Statements**. This argument fails.

The Eleventh Circuit's holding in *Roxbury-Smellie* is particularly instructive on this issue. In that case, the Eleventh Circuit excluded an EEOC investigator's notes because "they were not a factual finding made by the EEOC investigator, but rather a record of the interviews conducted by the EEOC investigator." 324 F. App'x 783, 785 (11th Cir. 2009); *see also In re Air Crash Disaster*, 720 F. Supp. 1493, 1497 (D. Colo. 1989) (concluding that a government report is admissible only "to the extent that the maker of the document could testify to [the] evidence)."

The statements at issue are drafted by an unidentified individual and there is no evidence in the record that any of the individuals interviewed even knew these statements existed. Like *Roxbury-Smellie*, these statements are not a factual finding made by the EEOC investigator. Moreover, there is no witness identified—or even known—who was the maker of the document and could testify to it. The public records exception does not apply.

Even if that were not the case, the public records exception only addresses *one* level of hearsay. Plaintiff is unable to overcome the second level of hearsay, and Plaintiff's counsel has failed to make any sort of argument or attempt to do so. Plaintiff's counsel has not done so because he cannot do so— these statements are clearly hearsay. *See Wells v. XPEDX*, No. 8:05-CV-2193-T-EAJ, 2007 WL 2696566, at * (M.D. Fla. Sept. 11, 2007) (excluding certain unsigned, unsworn statements submitted by the EEOC on the basis that they were not properly authenticated); *Pena v. Stewart Tile Co.*, No. H-06-3003, 2007 WL 2903844, at *4 (S.D. Tex. Oct. 3, 2007) ("As to Exhibit S (notes of witness interviews conducted by the EEOC investigator), the court finds no form of authentication in the record and finds that the exhibit contains hearsay. Plaintiff's objection to that exhibit is SUSTAINED."). Accordingly, the Court should exclude Plaintiff's Exhibit 16 from trial.

### c. Melissa Espino-Cascos Remains an Irrelevant Witness. Nevertheless, Defendant Has Provided Her Contact Information to Plaintiff's Counsel.

The third objection Defendant's counsel raised at Calendar Call is that Plaintiff has indicated

he would like to call an irrelevant witness who can only offer testimony on facts that are already stipulated into evidence. Specifically, Defendant's former employee, Melissa Espino-Cascos, was Defendant's ADA administrator during the relevant timeframe, and Ms. Espino-Cascos's only relevance to the case is that she approved Plaintiff's requested ADA leave in 2017. (*See* JPTO at 5:5–11, ECF No. 92). The Court instructed Plaintiff's counsel to articulate her relevance during the meet and confer including to provide detailed information regarding the information sought to be elicited, and Defendant's counsel to provide the last known contact information.

Plaintiff's non-specific explanation as to the testimony sought to be elicited is Ms. Espino-Cascos "directly communicating with Plaintiff, key Wynn witnesses in this case, made decisions regarding Plaintiff in this case for Plaintiff's ADA violations, and has relevant, and factual information to offer to our Jury and Court." *See* **Ex. 1; Ex. 6, Corr. Exchanged Regarding Ms. Espino-Cascos.** Plaintiff should be precluded from calling Ms. Espino-Cascos based upon her failure to provide any sufficient level of detail as to what relevant testimony she has to offer. Defendant provided Plaintiff with the last known address and phone number of Ms. Espino-Cascos.

### III.   CONCLUSION

Defendant respectfully requests that the Court sustain its objections by excluding Plaintiff's Exhibit 16 at WYNN1398, Exhibit 18, and Exhibit 16.

Dated:  October 17, 2024

               Respectfully submitted,

               */s/ Kelsey E. Stegall*
               PATRICK H. HICKS, ESQ.
               WENDY MEDURA KRINCEK, ESQ.
               KELSEY E. STEGALL, ESQ.
               LITTLER MENDELSON, P.C.

               Attorneys for Defendant
               WYNN LAS VEGAS, LLC

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169. On October 17, 2024, I served the within document(s):

**DEFENDANT'S STATEMENT REGARDING OBJECTIONS AT CALENDAR CALL**

☐ BY **Email** - by e-mailing a copy of the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☒ By **CM/ECF Filing** – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Christian Gabroy, Esq.
Kaine Messer, Esq.
GABROY | MESSER
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, NV 89012

Attorneys for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 17, 2024, at Las Vegas, Nevada.

*/s/ Ann Koorndyk*
Ann Koorndyk

4855-2990-9744.1 / 067538-1036

9.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800