Christian Gabroy
Nev. Bar No. 8805
Kaine Messer
Nev. Bar No. 14240
GABROY | MESSER
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson, Nevada 89012
Tel:   (702) 259-7777
Fax:   (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff Tiare Ramirez*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TIARE RAMIREZ, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>WYNN LAS VEGAS, LLC; DOES I through X; and ROE Corporations XI through XX inclusive,<br><br>Defendant. | Case No.: 2:19-cv-01174-APG-EJY<br><br>**PLAINTIFF'S OBJECTION AND RESPONSE TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |

**PLAINTIFF'S OBJECTION AND RESPONSE**
**TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Plaintiff Tiare Ramirez ("Plaintiff" or "Ramirez"), by and through her counsel of record, hereby provides her Objection and Response to Defendant's Wynn Las Vegas, LLC's ("Defendant" or "Wynn") Proposed Supplemental Jury Instruction (ECF No. 152) and Defendant's burden of proof regarding FMLA Interference Claims.

First, Defendant has the burden of proof to establish lawful reason to interfere with Plaintiff's FMLA. As stated in *Sanders*, the FMLA "validly shifts to the employer the burden of providing that an employee what have been dismissed regardless of the employees request for, or taking of, FMLA leave. That approach is also consistent with the Supreme Court's admontiatoin fhat the burden of proof should 'conform with a party's superior access to the proof.'" *Sanders v. City of*

*Newport*, 657 F.3d 772, 780 (Ninth Cir. 2011).

*Sanders* stated the following:

> **A. The FMLA**
> Enacted in 1993, the FMLA "was the culmination of several years of negotiations in Congress to achieve a balance that reflected the needs of both employees and their employers." *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1119 (9th Cir.2001). The declared purpose of the FMLA is:
> (1) to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity;
> (2) to entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition;
> (3) to accomplish the purposes described in paragraphs (1) and (2) in a manner that accommodates the legitimate interests of employers.
> 29 U.S.C. § 2601(b).
> Although the FMLA created a statutory right to reinstatement after taking FMLA leave, this right is not without limits. The FMLA is clear on this point: "Nothing in this section shall be construed to entitle any restored employee to ... any right, benefit, or position of employment other than any right, benefit or position to which ***779** the employee would have been entitled had the employee not taken the leave." 29 U.S.C. § 2614(a)(3)(B
> We agree with this approach. In interference claims, the employer's intent is irrelevant to a determination of liability. *See Xin Liu,* 347 F.3d at 1135; *Bachelder,* 259 F.3d at 1130; *Edgar,* 443 F.3d at 507 ("The employer's intent is not a relevant part of the entitlement inquiry under § 2615."); *see also Colburn v. Parker Hannifin/Nichols Portland Div.,* 429 F.3d 325, 332 (1st Cir.2005) ("[E]mployer motive plays no role in a claim for substantive denial of benefits."); *Smith,* 298 F.3d at 960 ("If an employer interferes with the FMLA-created right to medical leave or to reinstatement following the leave, a deprivation of this right is a violation regardless of the employer's intent."); *see also Strickland,* 239 F.3d at 1208; *Hodgens,* 144 F.3d at 159.
> "An *employer* must be able to show, when an employee requests restoration, that the employee would not otherwise have been employed if leave had not been taken in order to deny restoration to employment." 29 C.F.R. § 825.312(d) (emphasis added) (titled "Under what circumstances may a covered employer refuse to provide FMLA leave or reinstatement to eligible employees?"). Section

825.216(a) is to the same effect, and provides that "[a]n employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment."

As further stated in *Bushfield v. Donahoe*, Interference under § 2615(a)(1) has been interpreted broadly to not only include denial of FMLA rights, but also to encompass instances where an employer has discouraged an employee from using FMLA leave, retaliated against an employee for having exercised or attempted to exercise FMLA rights, or otherwise caused the employee to suffer an adverse employment action as a consequence of taking FMLA leave. 29 C.F.R. § 825.220(b), (c); *Bachelder v. Am. West Airlines, Inc.,* 259 F.3d 1112, 1125 (9th Cir.2001) (to succeed on FMLA interference claim, a plaintiff must show by a preponderance of the evidence that the taking of FMLA protected leave constituted a negative factor in the decision to terminate the plaintiff's employment or to visit other adverse employment actions upon the plaintiff). The Ninth Circuit takes an expansive view of what constitutes an adverse employment action, and has interpreted such actions to include lateral transfers, unfavorable job references, changes in work schedules, or any other action that would be reasonably likely to deter employees from engaging in protected activity. *Ray v. Henderson,* 217 F.3d 1234, 1243 (9th Cir.2000).

Next, Plaintiff objects to Wynn's proposed Supplemental Jury Instruction No. 1 re "Authentication and Clarification of Medical Certifications Under the FMLA."

**PROPOSED SUPPLEMENTAL JURY INSTRUCTION No. 15**

<u>BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE</u>

When a party has the burden of proof on any claim or any affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. You should base your decision on all of the evidence, regardless of which

1 party presented it.

3 Gordon, J. Standard Jury Instructions. <https://www.nvd.uscourts.gov/wp-
4 content/uploads/2018/01/Standard-Jury-Instructions-for-Civil-Trials-APG.pdf>
5 (Ninth Cir. 1.6 including "claim or any affirmative defense")

    Wynn's proposed Instruction relies on CFR § 825.307. However, this Regulation concerns authentication and clarification of an employee's *initial* medical certification. Here, the is no dispute that the initial medical certification was granted.

    Rather, when an employee seeks FMLA leave, the first step is to determine if the employee is eligible. *See* U.S. Department of Labor Field Operations Handbook Chapter 39 ("FOH") 39d04[1]; 29 CFR 825.123. At step two, the employer may request an initial medical certification to confirm the need for FMLA. *See* FOH 39h00(a)(1). This occurred in the matter at hand. Step three occurs after a medical certification has been granted but if the employer has doubts about the employee's use of leave, as is the case here. At that point, the employer must provide proper notice to the employee of its suspicion but, per *Bachelder*, still cannot resort to holding an employee's FMLA usage as a negative factor in a disciplinary decision.

    Indeed, this matter is more analogous to *Boecken v. Gallo Glass Co.*, 412 F. App'x 985 (9th Cir. 2011). There, the Ninth Circuit reversed and remanded a District Court's summary judgment holding for an employer-defendant who terminated an employee for engaging in non-covered activities during FMLA leave. *Id.* at 987. The employee in *Boecken*, like here, had sought and received

---

[1] Available at <https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/FOH_Ch39.pdf>.

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

1  an FMLA medical certification. *Id.* However, the employer terminated the
2  employee for "misuse" of FMLA. *Id.* The Ninth Circuit reversed the ruling as the
3  employer had not provided proper notice to the employee of misuse pursuant to
4  29 C.F.R. § 825.301(b)(1). *Id.*

Further, to assist this Court, Plaintiff hereby provides citation to the U.S. Department of Labor's December 9, 1997 opinion letter. There, the U.S. DOL explained:

> Can an employer terminate the employment of a two-year employee if the employee does not return after fourteen weeks of leave?
>
> The FMLA requires covered employers to provide eligible employees with up to 12 workweeks of leave in a 12-month period for any one or more of the specified family or medical reasons. If the employee is unable to or does not return to work at the end of 12 weeks of FMLA leave (provided the employer designated the leave as FMLA leave and so notified the employee in writing), all entitlements and rights under FMLA cease at that time. The employee is no longer entitled to any further job restoration rights under FMLA and may be terminated.
>
> An employer, however, must observe any employment benefit program or plan or CBA that provides greater family or medical leave rights to employees than the rights established by the FMLA. (See § 29 CFR 825.700.) Thus, an employer under your example would have an obligation under its own "leave of absence" policies to extend leave benefits, health care benefits, and job protection for up to 14 weeks, but not beyond 14 weeks. You also should be aware that the discrimination prohibition in FMLA (Section 105) would prevent an employer from terminating such employees who have used FMLA leave and do not return after 14 weeks if the employer does not treat similarly situated employees who have not used FMLA leave (for example, employees on leave to care for an ill grandparent or parent-in-law) the same.

Also, Plaintiff utilizing other types of leave from March 24, 2017 to October 14, 2017 does not act as a waiver of Plaintiff's FMLA right to reinstatement. See FOH 39a03; 29 CFR 825.220(d); 73 FR 67934; 73 FR 67986 -67988.

Further, under the ADA, when multiple types of leaves are at plan (such as here), an employer must provide leave under whichever statutute provides the employee with greater rights and protection. *See* 29 CFR 825.702(a) -(b).

Finally, when an employee's employment is governed by a CBA, the CBA's provisions only apply to the extent they do not conflict with the FMLA. *See* FOH 39j00(d).

DATED this 23rd day of October 2024.

GABROY | MESSER

By: */s/ Christian Gabroy*
Nev. Bar No. 8805
Kaine Messer
Nev. Bar No. 14240
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson, Nevada 89012
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5, I hereby certify that the following parties by electronic means on this 23rd day of October 2024 have been served with this **PLAINTIFF'S OBJECTION AND RESPONSE TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS**:

*All parties registered through the Court's CM/ECF system.*

GABROY | MESSER

By: */s/ Christian Gabroy*
Christian Gabroy
Nev. Bar No. 8805
Kaine Messer
Nev. Bar No. 14240
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson, Nevada 89012
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff Tiare Ramirez*