# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TIARE RAMIREZ,

      Plaintiff

v.

WYNN LAS VEGAS, LLC,

      Defendant

Case No.: 2:19-cv-01174-APG-EJY

**Jury Instructions**

ENTERED    RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 25 2024

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. You may take your copy of these instructions with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may have said or done that I have an opinion regarding the evidence or what your verdict should be. I have not expressed, nor intended to express or suggest, any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inferences should be drawn from the evidence. If anything I have said or done has seemed to indicate an opinion about any of these matters, I instruct you to disregard it.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence; and

3.    any facts to which the lawyers have agreed.

## WHAT IS NOT EVIDENCE

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3)    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)    Anything you saw or heard when the court was not in session is not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

<u>CREDIBILITY OF WITNESSES</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1       The weight of the evidence as to a fact does not necessarily depend on the number of

2  witnesses who testify.   What is important is how believable the witnesses were, and how much

3  weight you think their testimony deserves.

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  Deposition testimony has the same weight as testimony given at trial. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Chrystian Ramirez, now deceased, was taken on September 14, 2021. You should consider this deposition testimony in the same way as if the witness had testified here in person.

Do not place any significance on the behavior or tone of voice of the person reading the questions and answers.

## USE OF INTERROGATORIES

Evidence was presented to you in the form of an answer by Wynn Las Vegas to a written interrogatory submitted by Ramirez.  That answer was given in writing and under oath before the trial in response to a question that was submitted under established court procedures.  You should consider the answer, insofar as possible, in the same way as if it was made from the witness stand.

1

<u>JUDICIAL NOTICE</u>

2      The Court has decided to accept as proved the fact that sunset in Las Vegas on March 21,

3  2017, was at 6:54 p.m. PST.   You must accept this fact as true.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## DEMONSTRATIVE EVIDENCE

During the trial, the parties presented a timeline and a map of Town Square. These are demonstrative exhibits to aid you in understanding the testimony or other evidence and are not evidence or proof of any facts. These exhibits have not been admitted into evidence, so they will not go back with you to the jury room when you deliberate. You may, however, consider the testimony given in connection with them.

## IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness, and for no other purpose.

## ATTORNEY'S RIGHT TO INTERVIEW WITNESS

An attorney has a right to interview a witness for the purpose of learning what testimony the witness will give. The fact that the witness talked to an attorney and told that attorney what he or she would testify to does not, by itself, reflect adversely on the truth of the testimony of the witness.

## PARTY REPRESENTATIVE PRESENT IN COURT

Each party has a right to have a representative present for trial. Tiare Ramirez was present at trial on her behalf and testified. Bryan Cohen was present at trial on behalf of Wynn Las Vegas and testified. Each party examined the other's client knowing they would be present throughout trial.

1  CORPORATIONS OR LIMITED LIABILITY COMPANIES—FAIR TREATMENT

2         All parties are equal before the law and a corporation or a limited liability company is

3  entitled to the same fair and conscientious consideration by you as any party.

1

<u>LIABILITY OF A LIMITED LIABILITY COMPANY</u>

2    Under the law, a limited liability company, or LLC, is considered to be a person.  It can

3  only act through its employees, agents, directors, or officers.  Therefore, Wynn Las Vegas, LLC

4  is responsible for the acts of its employees, agents, directors, and officers performed within the

5  scope of their authority.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

<u>CASE SUMMARY</u>

To help you follow the remaining instructions, I will give you a brief summary of the parties' positions.

Plaintiff Tiare Ramirez asserts two claims against defendant Wynn Las Vegas that you, the jury, must resolve:

1. Violation of the Family and Medical Leave Act; and

2. Discrimination in violation of the Americans with Disabilities Act.

Ramirez has the burden of proving these claims by a preponderance of the evidence.

Wynn Las Vegas denies these claims.

## THE FAMILY MEDICAL LEAVE ACT

Ramirez has brought a claim against Wynn Las Vegas for violating the Family and Medical Leave Act, which is often referred to by its initials: FMLA.  The FMLA entitles an eligible employee to take up to twelve weeks of unpaid leave for several reasons including an employee's own serious health condition.  The FMLA gives an employee the right, following her FMLA leave, to be returned to the position she held when the FMLA leave began.

An employee who takes FMLA leave for her own serious health condition may take leave on an intermittent basis when medically necessary.  Intermittent leave is FMLA leave taken in separate blocks of time as opposed to a continuous leave of absence.

To prevail on her FMLA claim, Ramirez has the burden of proving each of the following elements by a preponderance of the evidence:

1. Ramirez took protected leave under the FMLA;

2. Wynn Las Vegas took some disciplinary action against Ramirez, including suspending or discharging Ramirez; and

3. Ramirez taking protected leave was a negative factor in Wynn Las Vegas's decision to suspend or discharge Ramirez.

As to the first element, the FMLA does not protect Ramirez against disciplinary action for taking an absence that was not medically necessary.  However, it is not a defense that Wynn Las Vegas honestly but mistakenly believed that the absence was not medically necessary.

If you find that Ramirez has proved all of these elements, then your verdict should be for Ramirez and against Wynn Las Vegas.  On the other hand, if you find that Ramirez has failed to prove any of these elements, then your verdict should be for Wynn Las Vegas.

## FMLA INTERFERENCE—AUTHENTICATION AND CLARIFICATION OF MEDICAL CERTIFICATIONS

Under the FMLA, employers may not ask health care providers for additional information beyond that required by the medical certification form.  However, the employer may contact the health care provider to clarify or authenticate the medical certification after the employer has given the employee an opportunity to cure any deficiencies.

Authentication means providing the health care provider with a copy of the certification and requesting verification that the information contained on the certification form was completed and/or authorized by the health care provider who signed the document; no additional medical information may be requested.

Clarification means contacting the health care provider to understand the handwriting on the medical certification or to understand the meaning of a response.

It is the employee's responsibility to provide the employer with a complete and sufficient medical certification and to clarify the medical certification if necessary.

## AMERICANS WITH DISABILITIES ACT INTRODUCTION

For her second claim, Ramirez contends that Wynn Las Vegas violated the Americans with Disabilities Act, which is often referred to by its initials: ADA. Ramirez alleges that Wynn Las Vegas discriminated against her because of a disability. Under the ADA, a "disability" is defined as:

    (A) A physical or mental impairment that substantially limits one or more of the major life activities of such individual;

    (B) A record of such an impairment; or

    (C) Being regarded as having such an impairment.

Thus, there are three different ways Ramirez can prove her one claim that Wynn Las Vegas discriminated against her because of a disability. I will now instruct you on each of those three ways.

## ADA —ACTUAL PHYSICAL IMPAIRMENT

Ramirez claims that Wynn Las Vegas suspended or discharged her because of her physical impairment.  To succeed on this claim, Ramirez has the burden of proving each of the following elements by a preponderance of the evidence:

1.  Ramirez has a physical impairment;

2.  That physical impairment substantially limited one or more major life activities;

3.  Ramirez was a qualified individual as that term is later defined in these instructions; and

4.  Wynn Las Vegas suspended or discharged Ramirez because of her physical impairment.  As to this element, if you find that Wynn Las Vegas suspended or discharged Ramirez for any reason, but made an honest mistake in doing so, Ramirez has not proved this element.

"Major life activities" are the normal activities of living that a nondisabled person can do with little or no difficulty, such as walking.

If you find that Ramirez has proved all of these elements, your verdict should be for her on this claim.  If, on the other hand, you find that Ramirez has failed to prove any one of these elements, your verdict should be for Wynn Las Vegas on this claim.

## ADA—RECORD OF PHYSICAL IMPAIRMENT

Ramirez claims that Wynn Las Vegas suspended or discharged her because of her record of a physical impairment. To succeed on this claim, Ramirez has the burden of proving each of the following four elements by a preponderance of the evidence:

1.  Ramirez has a record of a physical impairment;

2.  Such physical impairment substantially limited one or more major life activities;

3.  Ramirez was a qualified individual as that term is later defined in these instructions; and

4.  Wynn Las Vegas suspended or discharged Ramirez because of her record of a physical impairment. As to this element, if you find that Wynn Las Vegas suspended or discharged Ramirez for any reason, but made an honest mistake in doing so, Ramirez has not proved this element.

If you find that Ramirez has proved all of these elements, your verdict should be for her on this claim. If, on the other hand, you find that Ramirez has failed to prove any one of these elements, your verdict should be for Wynn Las Vegas on this claim.

## ADA—REGARDED AS HAVING A PHYSICAL IMPAIRMENT

Ramirez claims that Wynn Las Vegas suspended or discharged her because it regarded her as having a physical impairment. To succeed on this claim, Ramirez has the burden of proving each of the following three elements by a preponderance of the evidence:

1. Wynn Las Vegas regarded Ramirez as having a physical impairment;

2. Ramirez was a qualified individual as that term is later defined in these instructions; and

3. Wynn Las Vegas suspended or discharged Ramirez because it regarded her as having a physical impairment. As to this element, if you find that Wynn Las Vegas suspended or discharged Ramirez for any reason, but made an honest mistake in doing so, Ramirez has not proved this element.

If you find that Ramirez has proved all of these elements, your verdict should be for her on this claim. If, on the other hand, you find that Ramirez has failed to prove any one of these elements, your verdict should be for Wynn Las Vegas on this claim.

ADA—QUALIFIED INDIVIDUAL

The third element of the ADA claim that Ramirez must prove is that she is a qualified individual under the ADA.  The term "qualified individual" means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.  The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.

## ADA—DEFINITION OF "BECAUSE OF"

"Because of" means "by reason of" or "on account of." This is sometimes referred to as "but-for causation." This form of causation is shown whenever a particular outcome would not have happened "but for" the purported cause. It is a reason without which the suspension or discharge would not have occurred.

A but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a "but-for cause." Often, events have multiple but-for causes. For example, if a car accident occurred both because the defendant ran a red light and because the plaintiff failed to signal his turn at the intersection, we might call each a "but-for cause" of the collision.

In the context of this claim, Wynn Las Vegas cannot avoid liability just by citing some other factor that contributed to the challenged employment decision. So long as Ramirez's disability was one but-for cause of that decision, that is enough to trigger the law. A "but-for cause" does not mean the sole cause or even a primary cause.

## ADA—ABILITY TO PERFORM ESSENTIAL FUNCTIONS—FACTORS

The "essential functions of an employment position" means the fundamental job duties of the employment position the plaintiff holds or desires. It does not include the marginal functions that may occur through the course of a job.

You must consider the employer's judgment as to what functions of a job are essential. If an employer has prepared a written description before advertising or interviewing applicants for the job, this description is evidence of the essential functions of the job.

Other factors that may bear upon whether a job function is essential include, but are not limited to:

1. Whether the reason the position exists is to perform that function;

2. The amount of time spent performing the job function; and

3. The consequences of not requiring the individual holding the position to perform the function.

1

## ADA—MISCONDUCT BY EMPLOYEE

2        An employee who commits an act of misconduct may be discharged from employment,

3    regardless of whether he or she is disabled within the meaning of the ADA.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## DAMAGES – PROOF

It my duty to instruct you about the measure of damages.  By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for Ramirez on any claim, you must determine her damages.  Damages means the amount of money that will reasonably and fairly compensate Ramirez for any injury you find was caused by Wynn Las Vegas.  Ramirez has the burden of proving damages by a preponderance of the evidence.

Ramirez seeks damages from Wynn Las Vegas under more than one legal theory.  Should you find that Ramirez has proved more than one claim by a preponderance of the evidence, you should not award duplicative damages.  Each item of damages may be awarded only once regardless of the number of legal theories alleged.

In assessing damages, you must not consider attorney fees or the costs of litigating this case.  Attorney fees and costs, if relevant at all, are for the court and not the jury to determine.  Therefore, attorney fees and costs should play no part in your calculation of any damages.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

## FMLA INTERFERENCE—DAMAGES

With respect to Ramirez's claim for FMLA interference, if you find that she has proved this claim by a preponderance of evidence, the measure of damages for Ramirez is either (1) lost wages and benefits or (2) other expenses incurred because of Wynn Las Vegas's FMLA violation. Ramirez can recover lost wages and benefits, or she can recover other expenses incurred because of Wynn Las Vegas's actions – but not both.

If you find that Ramirez proved that she lost wages or benefits because of Wynn Las Vegas's FMLA violation, then she may recover lost wages and benefits from the date of her discharge to December 31, 2022.

If you find that Ramirez did not directly lose wages or benefits because of Wynn Las Vegas's FMLA violation, then you may award her the actual monetary loss that directly resulted from Wynn Las Vegas's FMLA violation. This amount of damages cannot exceed 12 weeks of Ramirez's wages.

The FMLA does not provide for the recovery of damages for emotional distress or punitive damages.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## ADA—DAMAGES

With respect to Ms. Ramirez's claim for discrimination based upon a disability in violation of the Americans with Disabilities Act, if you find that Ramirez has proved this claim by a preponderance of evidence, you may award Ramirez compensatory and punitive damages. I will separately instruct you about punitive damages. In determining the measure of compensatory damages, you should consider:

The nature and extent of the injuries; and

The emotional pain and suffering experienced.

No fixed standard exists for deciding the amount of pain and suffering damages. Nor is the opinion of any witness required as to the amount of such reasonable compensation. You must use your judgment to decide upon a reasonable amount based on the evidence and your common sense.

In awarding compensatory damages, you are not to award damages for the amount of wages that Ramirez would have earned, either in the past or in the future, if she had continued working with Wynn Las Vegas because determining "back pay" and "front pay" is for the court, not the jury.

## ADA—PUNITIVE DAMAGES

If you find for Ramirez on her claim for disability discrimination in violation of the ADA, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Ramirez has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages. You may award punitive damages only if you find that Wynn Las Vegas's conduct that harmed Ramirez was malicious, oppressive, or in reckless disregard of her rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.

An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it

1  also caused actual harm or posed a substantial risk of harm to people who are not parties to this

2  case.  You may not, however, set the amount of any punitive damages to punish the defendant

3  for harm to anyone other than the plaintiff in this case.

4      In addition, you may consider the relationship of any award of punitive damages to any

5  actual harm inflicted on Ramirez.

1

## DAMAGES—MITIGATION

2  Ramirez had a duty to use reasonable efforts to mitigate her damages. To mitigate means

3 to avoid or reduce damages.

4  Wynn Las Vegas has the burden of proving by a preponderance of the evidence:

5  1.  That Ramirez failed to use reasonable efforts to mitigate her damages; and

6  2.  The amount by which her damages would have been mitigated.

7  Failure to use reasonable efforts to mitigate damages includes failure to use reasonable

8 diligence to obtain other suitable employment.

9  If you find for Ramirez on any of her claims, she is not entitled to recover damages for

10 lost wages Wynn Las Vegas proves she could have avoided by returning to gainful employment

11 as soon as it was reasonable for her to do so. To calculate the amount of lost wages you must:

12  1.  Determine the amount Ramirez would have earned from Wynn Las Vegas from the

13     date of her discharge through December 31, 2022; and

14  2.  Subtract the amount Ramirez earned or could have earned by returning to gainful

15     employment.

16  The resulting amount, if any, would be Ramirez's damages for past lost earnings.

17

18

19

20

21

22

23

## CLOSING DAMAGES INSTRUCTION

Whether any of these elements of damage have been proved by the evidence is for you to determine.  Neither sympathy nor speculation is a proper basis for determining damages.  However, absolute certainty as to the damages is not required.  It is only required that Ramirez prove each item of damage by a preponderance of the evidence.

## CLOSING INSTRUCTIONS

When you begin your deliberations, elect one member of the jury as your foreperson. Your foreperson will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach an agreement, if you can. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, and discussed it fully with your fellow jurors, listening to their views.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict, but only if each of you can do so after making your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a unanimous verdict.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

If during your deliberations you need to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will respond to the jury concerning the case only in writing or here in open court. If you send me a question, I will

consult with the lawyers before answering it, which may take some time. You should continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you until after you have reached a unanimous verdict or have been discharged.

DATED: October 25, 2024

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE